IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE LEE CHESTANG,

    Petitioner,                    No. 2:12-cv-0284 JAM KJN P

    vs.

SWARTHOUT, Warden,               <u>ORDER AND</u>

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

      Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his due process rights were violated because his minimum eligible parole date ("MEPD") was June 15, 2007.

      Pending before the court is respondent's motion to dismiss the petition for failure to state a federal claim for relief pursuant to Rule 4 of the Rules Governing § 2254 Cases. Petitioner filed an opposition, and respondent filed a reply.  For the reasons stated below, the court recommends that respondent's motion to dismiss be granted.

II. <u>Standards</u>

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, . . . or patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations omitted).

III. Due Process Claims

A life prisoner's MEPD is the "earliest date on which a . . . life prisoner may be legally released on parole." See Cal. Code Regs., tit. 15, § 3000; see also Cal. Code Regs., tit. 15, § 2000(b)(67). The California Department of Corrections and Rehabilitation determines the MEPD. See Cal. Code Regs., tit. 15, § 2400. Conversely, "[t]he length of time a prisoner must serve prior to actual release on parole is determined by the board [Board of Prison Hearings or "BPH"]." Id.

California law provides that, one year prior to a prisoner's MEPD, a BPH panel shall meet with the prisoner and shall set a release date "unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(a). Thus, the prisoner's MEPD is the basis for the timing of the initial suitability hearing.

Following a parole denial, the BPH "shall hear each case annually thereafter," except that the BPH may schedule a subsequent hearing up to five years "after any hearing at

which parole is denied" if the prisoner has been convicted of murder and the BPH finds "that it is not reasonable to expect that parole would be granted at a hearing during the following years and states the bases for the finding in writing." Cal. Penal Code § 3041.5(b)(2).

Following a finding of parole suitability for an inmate convicted of a murder committed on or after November 8, 1978, the BPH sets a base term "established solely on the gravity of the base crime, taking into account all of the circumstances of that crime." Cal. Code Regs., tit. 15, § 2403(a). The BPH sets a base term by taking into account the "matrix" of suggested base terms, circumstances in aggravation and mitigation, and adjustments for enhancements or other offenses. See Cal. Code Regs., tit. 15, § 2403-11. However, the BPH may impose a base term other than one provided in the matrix "if justified by the particular facts of the individual case. . . ." Id.

Therefore, petitioner's MEPD of June 15, 2007, did not dictate petitioner's release date, but rather provided the time frame for holding petitioner's initial parole suitability hearing, which was properly held on August 23, 2006. (Dkt. No. 16 at 6.) As argued by respondent, petitioner's release on parole is a matter of state law, which is not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As the Alameda County Superior Court stated, petitioner will be released on parole when the BPH determines that petitioner is suitable for parole because he is no longer an unreasonable risk to the public. (Dkt. No. 15-1 at 13, citing In re Lawrence, 44 Cal.4th 1181 (2008).)

Thus, petitioner's claim that his due process rights were violated because he was not released from prison on or about June 15, 2007, based on his MEPD, fails to state a federal claim for relief. To the extent petitioner claims his due process rights were violated during the August 23, 2006 parole hearing, even assuming petitioner had exhausted his state court remedies as to such a claim, or that the claim was properly, or timely-filed, petitioner is mistaken.

////

////

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 864. In other words, the Court specifically

1 rejected the notion that there can be a valid claim under the Fourteenth Amendment for
2 insufficiency of evidence presented at a parole proceeding.  Id. at 864.  Rather, the protection
3 afforded by the federal due process clause to California parole decisions consists solely of  the
4 "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be
5 heard and . . . a statement of the reasons why parole was denied."  Swarthout, 131 S. Ct. at 863-
6 64.

7 　　　　　In Swarthout, the United States Supreme Court reversed two Ninth Circuit
8 decisions that had each examined the sufficiency of evidence supporting a determination that
9 petitioner continued to pose a threat to public safety; in the first case, the Ninth Circuit had
10 reversed the Board's denial of parole, Cooke v. Solis, 606 F.3d 1206, 1213 (2010); in the second
11 case, the Ninth Circuit reversed the Governor's reversal of the Board's grant of parole, Clay v.
12 Kane, 384 Fed. Appx. 544, 546 (2010).  The Supreme Court reversed both judgments of the
13 Ninth Circuit, holding that "[n]o opinion of [the Supreme Court's] supports converting
14 California's 'some evidence' rule into a substantive federal requirement."  Swarthout, 131 S. Ct.
15 at 860-61.  In other words, the Court specifically rejected the notion that there can be a valid
16 claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole
17 proceeding.  Id. ("Because the only federal right at issue is procedural, the relevant inquiry is
18 what process [petitioner] received, not whether the state court decided the case correctly.").
19 Rather, the protection afforded by the federal due process clause to California parole decisions
20 consists solely of  the "minimal" procedural requirements set forth in Greenholtz, specifically "an
21 opportunity to be heard and . . . a statement of the reasons why parole was denied."  Swarthout,
22 131 S. Ct. at 862.  Provided these procedural requirements are met, it is of no consequence that
23 the final parole decision is made by the Governor rather than the Parole Board.  Id. at 863.

24 　　　　　On June 6, 2011, the Ninth Circuit held that the Governor is not required to hold a
25 second parole suitability hearing before reversing the Board's determination that the prisoner was
26 suitable for parole.  Styre v. Adams, 645 F.3d 1106 (9th Cir. 2011).

Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Swarthout, 131 S. Ct. at 862. Here, the record reflects that petitioner was present, with counsel, at the August 23, 2006 parole hearing, that petitioner participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 16 at 6-100.) According to the United States Supreme Court, the federal due process clause requires no more.[1] The court finds, therefore, that petitioner's due process challenge is without merit, and respondent's motion to dismiss should be granted.

IV. Other Arguments

To the extent petitioner is claiming his sentence of 15 years to life in prison with the possibility of parole violates the Eight Amendment, such a claim is unavailing. Petitioner has not demonstrated that his sentence for second degree murder is grossly disproportionate to his crimes. See Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive twenty-five years to life sentences with the possibility of parole imposed for petty theft did not amount to cruel and unusual punishment); Ewing v. California, 538 U.S. 11 (2003) (holding that a sentence of twenty-five years to life imposed for felony grand theft under California's Three Strikes law did not violate the Eighth Amendment); United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (upholding a life sentence without possibility of parole for being a felon in possession of a firearm where defendant had an extensive criminal record).

Finally, in his opposition, petitioner argues that his release date should be calculated because he was sentenced under the Indeterminate Sentencing Law ("ISL"). However, as argued by respondent, the ISL was repealed on July 1, 1977, the murder was committed in

---

[1] "The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. Stuart v. Carey, 2011 WL 2709255 (9th Cir. 2011), citing Swarthout, 131 S. Ct. at 863. Petitioner cannot obtain more process by attempting to characterize his claims in a different way.

1991, and petitioner was convicted and sentenced in 1993. (Dkt. Nos. 16 at 19, 24; 15-1 at 4; <u>see</u> Cal. Code Regs. tit. 15, § 2000(b).) Thus, this claim is also unavailing.

V. <u>Request for Appointment of Counsel</u>

In addition, petitioner requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, in light of the above, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Petitioner's motion for appointment of counsel is denied.

VI. <u>Conclusion</u>

For all of the above reasons, IT IS HEREBY ORDERED that petitioner's May 25, 2012 motion to appoint counsel (dkt. no. 17) is denied; and

IT IS RECOMMENDED that respondent's motion to dismiss (dkt. no. 15) be granted, and this action be summarily dismissed. Rule 4, Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ches0284.mtd